**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**YEISON LEON ORTIZ** *

**Plaintiff,** *

**v.** * **Civil Case No. SAG-22-0647**

**ALEJANDRO MAYORKAS, *et al.*,** *

**Defendants.** *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Yeison Leon Ortiz ("Plaintiff") filed an Amended Complaint against the Secretary of the Department of Homeland Security, Alejandro Mayorkas, and the Attorney General, Merrick Garland, (collectively "the Government" or "the Defendants"), alleging that his deportation from the United States violated the Due Process Clause and the Administrative Procedure Act ("APA"). ECF 3. The Government has filed a Motion to Dismiss the Amended Complaint. ECF 14. This Court has reviewed that motion along with the opposition, reply, and supplemental filings. ECF 15, 20, 24. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, the Government's Motion will be granted and the Amended Complaint will be dismissed without prejudice.

## I. BACKGROUND

The following facts are derived from the Amended Complaint, ECF 3, and are taken as true for purposes of evaluating the Motion to Dismiss.

Plaintiff, who was born in Honduras, came to the United States in 2013 when he was fifteen years old. *Id.* ¶ 8. He was caught at the border and placed in removal proceedings but was not detained. *Id.* He failed to appear for an immigration hearing in 2015 and was ordered removed in

absentia. *Id.* ¶ 9. Plaintiff was arrested on March 10, 2020, and the Government sought to remove him pursuant to the 2015 removal order. *Id.* ¶ 10. On April 1, 2020, counsel for Plaintiff filed a motion to reopen his removal order in the Baltimore Immigration Court, along with an emergency motion to stay removal. *Id.* ¶ 11. An Immigration Judge ("IJ") signed the emergency stay order at 11:08 a.m. that same day, April 1, 2020. *Id.* ¶ 12. However, Plaintiff's ICE AIR deportation plane completed final boarding and departed from the gate just two minutes later, at 11:10 a.m. on that same date.[1] *Id.* ¶ 13. Plaintiff "concedes that the IJ's stay order was not 'communicated' to the Defendants for several days" because "the IJ put the signed stay order in her outgoing mail and the Defendants and the Plaintiff received their copies of the order several days later." *Id.* ¶ 36.

Plaintiff filed a habeas corpus petition about one month after his removal in 2020, raising similar claims to those presented in the instant Amended Complaint. *Ortiz v. Mayorkas*, Civ. No. 20-cv-01222-ELH. United States District Judge Ellen L. Hollander issued a ruling on July 7, 2020, in which she determined that this Court lacked jurisdiction to consider Plaintiff's habeas petition because he was not "in custody" when he filed the petition from Honduras after his removal. ECF 10 at 12. She further stated in a footnote:

> Separate and apart from 28 U.S.C. § 2241, this Court also lacks subject matter jurisdiction over Ortiz's Petition because the REAL ID Act, 8 U.S.C. § 1252, provides that judicial review of a removal order—even as packaged as a habeas petition—is available only in the court of appeals through a petition for review of a determination rendered by the Board of Immigration Appeals. *See* 8 U.S.C. § 1252(a)(5); *see also Johnson v. Whitehead,* 647 F.3d 120, 124 (4th Cir. 2011); *Chen v. Dillis*, AW-09-2064, 2009 WL 2460758, at *2-3 (D. Md. Aug. 6, 2009).

*Id.* at 12 n.5. The United States Court of Appeals for the Fourth Circuit affirmed Judge Hollander's ruling on the grounds that Plaintiff's habeas claim was improper, noting "The district Court

[1] Elsewhere in the briefing, Plaintiff contends that the exact time of the plane's departure is in dispute. It is uncontested, however, that the plane transported Plaintiff to Honduras on April 1, 2020 and that the Defendants did not learn of the stay until days later.

alternatively relied on 8 U.S.C. § 1252(g) to find that it lacked jurisdiction. Given that the district court properly concluded that it lacked jurisdiction under 28 U.S.C. § 2241(c), we do not need to reach this alternative ground for dismissal." ECF 16 at 11-12.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for

imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Finally, federal courts reviewing a 12(b)(6) motion may take judicial notice of matters of public record, including court filings, and may consider documents incorporated into a complaint

by reference without converting the motion into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## III. DISCUSSION

The Government's primary argument is that Plaintiff's claims are precluded by res judicata, which "can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication" between two parties. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). The Government argues that Judge Hollander's ruling that this Court lacked jurisdiction under 8 U.S.C. § 1252(g) was a ruling on the merits of Plaintiff's claims. In the circumstances of this case, this Court is unpersuaded that it can find that the matter has been "actually and necessarily resolved" in a one-sentence footnote, particularly as that rationale went unaddressed on appeal.[2]

Regardless, however, this Court concurs with Judge Hollander's conclusion that Plaintiff presents claims "arising from the decision or action of the Attorney General to . . . execute removal orders" and that this Court's exercise of jurisdiction is therefore barred by 8 U.S.C. § 1252(g).

Section 1252(g) provides, in relevant part, that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. §

---

[2] The Government also argued in its Reply that the relief Plaintiff sought is not cognizable through a writ of mandamus. ECF 20 at 2-3. The argument appears to stem from a reasonable misunderstanding about the nature of the relief Plaintiff seeks. While Plaintiff's Amended Complaint asks this Court to order that the Government "immediately facilitate the Plaintiff's return to the United States without further delay," ECF 3 at 11, Plaintiff clarifies in his surreply that he seeks only a much narrower order requiring Defendants to issue appropriate travel documents to permit Plaintiff's return. ECF 24 at 5. Either type of relief is unwarranted for the reasons set forth herein.

1252(g). Instead, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). While § 1252(g) precludes review of the execution of removal orders, it does not bar "consideration of purely legal questions that do not challenge the Attorney General's discretionary authority." *Wanrong Lin v. Nielsen*, 377 F. Supp. 3d 556, 563 (D. Md. 2019);

In an effort to differentiate his claims from ones challenging the execution of his removal order, Plaintiff repeatedly attempts to couch his claims as a challenge to the "stay regulations" at 8 C.F.R. 241.6(c) and 1241.6(c). Those regulations provide that "a stay shall cease to have effect if granted (or communicated) after the alien has been placed aboard an aircraft or other conveyance for removal and the normal boarding has been completed." *Id.* It is evident from the allegations in the Amended Complaint, however, that those "stay regulations" had no bearing on Plaintiff's removal. The Government did not determine that the IJ's stay order had no effect because Plaintiff had already boarded on the plane. Instead, the Government simply did not learn of the IJ's stay order until days after Plaintiff had landed in Honduras. Plaintiff therefore has not stated a plausible claim that those stay regulations caused his injury.

The gravamen of Plaintiff's claims, instead, is that Defendants should not have executed his removal because a stay order had been signed but was not communicated in a timely manner. Plaintiff has not alleged the existence of any unconstitutional or arbitrary and capricious policy which caused his removal. Rather, his removal was the result of an unfortunate sequence of events that happened in his case, including: the filing of the motion for stay on the same date as his removal; the judge's execution of the stay order just two minutes before the flight's departure time; the placement of the judge's order in the outgoing mail and ensuing delay in transmitting the copies

of the order to Defendants and Plaintiff; and the Defendants' removal of Plaintiff without knowledge of the stay. The closest Plaintiff comes to suggesting an unconstitutional policy is the fact that older cases, like his, were not migrated to the electronic filing system now employed by the Baltimore Immigration Court. *See* ECF 3 ¶¶ 37-38. However, even electronic docket notification is not instantaneous. Processing still has to occur between the judge's execution of an order and the ensuing reflection of the order on the docket and notification to the parties. Plaintiff does not allege facts suggesting how the use of electronic filing would have ameliorated the two-minute interval between his stay order and takeoff. And while he alleges that "any regulation that demands that a non-citizen 'communicate' a stay order to the Defendants in order to prevent his physical deportation is patently violative of the Due Process Claus [sic]," ECF 3 ¶ 38, he has not alleged the existence of any such regulation.

Thus, despite Plaintiff's efforts to couch his claims as being about the legality of certain policies or regulations, he has not identified any such policies or regulations that plausibly affected his removal. Without a viable claim that presents a purely legal question, then, Plaintiff's claims amount to a challenge of the Defendants' execution of his removal order in the particular circumstances that transpired in his case.[3] This Court's exercise of jurisdiction over such claims is precluded by 8 U.S.C. § 1252(g).

---

[3] Plaintiff argues that 8 U.S.C. § 1252(g) is inapplicable because his removal order was stayed at the time his plane took off. In other words, Plaintiff contends that his claim cannot arise from the execution of a removal order, because there was no effective order for the Government to execute at the time of his removal. Plaintiff points to *Arce v. United States*, in which the Ninth Circuit held that 8 U.S.C. § 1252(g) did not deprive that Court of jurisdiction over a non-citizen's claim under the Federal Tort Claims Act that he was wrongfully removed. 899 F.3d 796, 801 (9th Cir. 2018); *but see Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (finding no jurisdiction over constitutional and FTCA claims by a wrongfully removed non-citizen, and explaining that "[s]o long as a claim arises from a decision to execute a removal order, there is no jurisdiction"). In *Arce*, however, the Government removed the non-citizen despite having been made aware nearly three hours earlier of the issuance of an automatic stay of his removal order. *Id* at 799. The Ninth

## IV. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss, ECF 14, is GRANTED. A separate Order follows.

Dated: April 13, 2023

/s/
Stephanie A. Gallagher
United States District Judge

Circuit explained that "a decision or action to violate a court order staying removal . . . falls outside of the statute's jurisdiction-stripping reach." *Id.* at 800. In contrast here, Plaintiff concedes that Defendants were not aware of the stay at the time he was removed. Thus, all the challenged actions in this case were taken in furtherance of what was, at least to the Government's knowledge, a valid removal order.